IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LEE RONALD STEVENSON,

        Petitioner,

v.                                      Civil Action No. 1:06CV92
                                         Criminal Action No. 1:03CR46-01
UNITED STATES OF AMERICA,         (JUDGE STAMP)

        Respondent.

**CORRECTED**
**REPORT AND RECOMMENDATION**
**THAT §2255 MOTION BE DENIED**

**I. INTRODUCTION**

On June 5, 2006, *pro se* petitioner filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. The Motion was placed in the prison mailing system on May 30, 2006. The Government filed its response December 8, 2006. Petitioner filed a response to respondent's response January 10, 2007.

**II. FACTS**

A.     **Conviction and Sentence**

On December 9, 2003, petitioner was convicted by a jury trial of being a prohibited person in possession of firearms, in violation of Title 18, United States Code, Sections 922(g)(1), 922(g)(2), 922(g)(3), and 924(a)(1)(D).

On March 17, 2004, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 84

months imprisonment, of which 48 months are to be served consecutively to the petitioner's state sentence.

**B.     Appeal**

Petitioner filed a notice of appeal on March 22, 2004. The United States Court of Appeals for the Fourth Circuit affirmed the judgment on February 25, 2005.

**C.     Federal Habeas Corpus**

Petitioner raises a claim of illegal search of his residence and seizure of a firearm in ground one.  In ground two, the petitioner challenges prior convictions and the jurisdiction of charges resulting from his arrest in West Virginia. In ground three the petitioner challenges the jury instructions used during his trial and claims that his counsel failed to raise this issue on appeal despite being instructed to do so. In ground four, petitioner claims that the evidence was tainted because the witness was shown the firearm directly without having to choose it from a "lineup." In ground five, petitioner contends that there were errors in his pre-sentence report. In ground six, petitioner requests an opportunity to testify or bring forth evidence. Lastly, in ground seven, petitioner claims that he was prevented from filing an appeal of the Michigan sentence during his transfer from state custody into federal custody.

The Government contends in response to ground one that because petitioner already raised this issue on appeal, he may not relitigate the issue in a § 2255 motion. In response to ground two, the Government contends that facially valid prior convictions used to enhance a current federal sentence may not be challenged except when obtained in violation of a right to counsel. Additionally, the Government contends that petitioner's claim is barred by procedural default because he failed to raise his claim on direct review.  The Government contends that even if petitioner can show "cause" under a claim of ineffective assistance of counsel, petitioner

cannot overcome the "prejudice" barrier by showing that the result of his proceedings would have been different. The Government asserts that ground four fails for the same reason as ground three, essentially that he cannot show that he was prejudiced. Again, the Government responds to ground five that petitioner cannot show that the errors were prejudicial. Additionally, the Government states that petitioner cannot challenge prior state convictions in this action. In response to ground six, the government again states that petitioner failed to show prejudice or how the verdict would be different if he testified now. Finally, the Government states in response to ground seven that the petitioner cannot use a § 2255 motion to challenge a prior conviction.

**D.**     **Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket as untimely.

### III.  ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.[1]

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[2]; or

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

      4.      The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

In his § 2255 motion, the petitioner maintains that his motion is timely under AEDPA. In this regard, the petitioner is clearly wrong.

In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000). There are two recognized exceptions to this general rule, which apply when a federal prisoner seeks direct appellate review of his conviction or sentence. First, if, following the disposition of his direct appeal, a federal prisoner files a petition for writ of certiorari with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies certiorari or issues a decision on the merits. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not file a timely certiorari petition after disposition of his direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is ninety days after entry of the judgment on direct appeal. See Clay v. United States, 537 U.S. 522, 532 (2003). Here neither exception applies because the petitioner did not file a direct appeal of his conviction.

For federal prisoners, the time for filing a direct appeal expires ten days after the written judgment of conviction is entered on the criminal docket. *See* Fed. R.Ap. P. 4(b)(1)(A)(I), (6). If an appeal is filed and denied, and a federal prisoner does not file a petition for certiorari in the United States Supreme Court, the one-year limitation period under § 2255 starts to run when the time for seeking such review expires, which is 90 days. Clay v. United States, 537 U.S. 522, 531-

---

[2]The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

32 (2003). Therefore, the petitioner's conviction became final on May 26, 2005, the date his time for filing a petition for certiorari expired.[3] Therefore, he had until May 26, 2006, to file his habeas corpus under AEDPA. Because the petitioner did not file his § 2255 motion until June 5, 2006, and placed it in the prison mailing system May 30, 2006, it is clearly time barred.

**IV. Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because the petitioner is time-barred from raising his claim since his petition was filed over one year after his conviction became final.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: July 17, 2007

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[3] The previous Report and Recommendation inadvertently and incorrectly used the words "direct appeal" instead of "petition for certiorari."

5