IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LEE RONALD STEVENSON,

    Petitioner,

v.                                 Civil Action No. 1:06CV92
                                     (Criminal Action No. 1:03CR46)
UNITED STATES OF AMERICA,                  (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

Pro se[1] petitioner Lee Ronald Stevenson filed a motion to vacate, set aside or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. The government filed a response to this petition to which the petitioner replied.

The matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation 83.15. Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2255 application be denied because the petitioner is procedurally barred from raising Issues 1, 2(a), 5, and 7 on collateral review, and he procedurally defaulted on Issues 2(b), 3, 4, 5, and 6.[2] The magistrate judge informed the parties

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

[2] The magistrate judge issued his original report and recommendation on July 12, 2007, followed by a corrected report and

that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of the report. The petitioner filed timely objections to the report and recommendation. For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge should be affirmed and adopted in its entirety, and that the petitioner's § 2255 motion to vacate, set aside or correct sentence should be denied and dismissed.

## II. Facts

On December 9, 2003, the petitioner was convicted by a jury trial in the Northern District of West Virginia with being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(2), 922(g)(3), and 924(a)(1)(d). On March 17, 2004, the petitioner was sentenced to 84 months imprisonment, of which 48 months were to be served consecutively to the petitioner's state sentence.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those

---

recommendation on July 17, 2007. Thereafter, on July 18, 2007, the magistrate judge entered an order vacating both the original and the corrected report and recommendation because they contained inaccurate information regarding the petitioner's filing of a writ of certiorari to the Supreme Court of the United States. This Court reviews the magistrate judge's final report and recommendation entered on December 3, 2007, which contains the accurate procedural history of this case.

portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

IV. Discussion

A. The Petition

The petitioner contends in his § 2255 petition the following issues:

(a) Issue 1: The petitioner alleges that the search of his apartment and subsequent seizure of firearms violated his Fourth Amendment rights against unreasonable searches and seizures. The petitioner also alleges that Sergeant Parks committed perjury at trial and requests an evidentiary hearing to establish this fact.

(b) Issue 2: The petitioner alleges that his sentence in this case is unlawful because the sentencing judge relied on two unlawful prior state convictions from Michigan to enhance the petitioner's sentence.[3] Also, the petitioner alleges that counsel was ineffective for failing to notify the trial court of the state defender's assurance that there would be no further investigation of the petitioner's West Virginia crimes if he was extradited back to Michigan.[4]

(c) Issue 3: The petitioner alleges that he was prejudiced when the trial court unconstitutionally permitted the government to alter the language of the jury instructions post-trial, and that his counsel was

---

[3]The magistrate judge deemed this allegation as Issue 2(a) of the petitioner's § 2255 petition.

[4]The magistrate judge deemed this allegation as Issue 2(b) of the petitioner's § 2255 petition.

3

ineffective for failing to raise this issue on direct appeal.

(d) <u>Issue 4</u>: The petitioner alleges that he was prejudiced when the government showed a witness a gun without having the witness pick it from a "line-up," and that his counsel was ineffective for failing to raise this issue on direct appeal.

(e) <u>Issue 5</u>: The petitioner alleges that facts and convictions included in the presentence report were erroneous, and that his counsel was ineffective for sealing the petitioner's "Version of the Offense," rather than ensuring that it was incorporated in the presentence report.

(f) <u>Issue 6</u>: The petitioner alleges that his sentence was unlawful because it relied on a Michigan conviction he attempted to appeal but was unconstitutionally barred from doing so.

In its response, the government argues that the petitioner cannot litigate Issue 1 of his petition because he raised this issue on direct appeal and lost. Furthermore, the government contends that the petitioner is procedurally barred from raising Issues 2 through 7 on collateral review.

B. <u>The Decision</u>

Upon review of the record, the magistrate judge found that petitioner's § 2255 motion should be denied and dismissed because the petitioner is procedurally barred from raising Issues 1, 2(a), 5, and 7 on collateral review, and he procedurally defaulted on Issues 2(b), 3, 4, 5, and 6. This Court agrees.

1. <u>Issue 1</u>

In his petition, the petitioner alleges that the search of his apartment and seizure of firearms violated his Fourth Amendment rights. The petitioner specifically contends that he possessed a

privacy interest in the apartment and its contents at the time of the search, and that the government's search and seizure, without a warrant or the petitioner's consent, was unlawful. Furthermore, the petitioner requests an evidentiary hearing to establish the fact that Sergeant Parks committed perjury.

The magistrate judge correctly recognized in his report and recommendation that issues raised on direct appeal may not be raised in a collateral attack, such as a § 2255 motion. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). The petitioner previously filed a motion to suppress evidence in the district court. In denying this motion to dismiss, the district court held that the petitioner had no standing to challenge the search and seizure because he had relinquished his privacy interest in the apartment. The petitioner then raised the district court's denial of his motion to suppress evidence on direct appeal, and the United States Court of Appeals for the Fourth Circuit affirmed the district court's order. Accordingly, because the petitioner raised Issue 1 on direct appeal, he is procedurally barred from raising this issue now on collateral review.

Additionally, this Court agrees with the magistrate judge that the petitioner has failed to demonstrate that he is entitled to an evidentiary hearing regarding Sergeant Parks' alleged perjury. An evidentiary hearing is not required where the case file and documents are "adequate to dispose of the matter." Hurdle v. United States, 2007 U.S. Dist. LEXIS 37709, at *5 (E.D. Va. May 22,

2007). See also 28 U.S.C. § 2255 (2008) ("[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto"). In this case, sufficient evidence existed aside from Sergeant Parks' testimony to prove that the petitioner committed the crime. Accordingly, the petitioner is not entitled to an evidentiary hearing concerning the issue of alleged perjury.

2. Issue 2(a)

In the first part of Issue 2 of his § 2255 petition, the petitioner alleges that his sentence was unlawful because the sentencing judge relied on two unlawful prior Michigan state convictions to enhance his sentence. This argument is procedurally barred.

In Custis v. United States, 511 U.S. 485, 496-97 (1994), the Supreme Court held that a federal defendant may not challenge a prior state conviction used to enhance his federal sentence unless the prior conviction was obtained in the absence of counsel. See also United States v. Bacon, 94 F.3d 158, 162-63 (4th Cir. 1996).

The petitioner in this case had counsel during both prior state convictions. Therefore, the petitioner may not challenge the sentencing judge's use of his prior convictions to enhance sentence. Accordingly, the petitioner is procedurally barred from raising this argument.

3. Issue 5

In Issue 5 of his petition, the petitioner challenges facts included in the presentence report, challenges the convictions used to enhance his sentence, and alleges that his counsel was ineffective for sealing the petitioner's "Version of the Offense" rather than ensuring its incorporation in the presentence report.

As discussed above in Issue 2(a), a federal defendant may not challenge a prior state conviction used to enhance his sentence unless the petitioner was not represented by counsel when the conviction was obtained. Custis, 511 U.S. at 496-97; Bacon, 94 F.3d at 162-63. Accordingly, because he was represented by counsel during his prior convictions, the petitioner is procedurally barred from raising this issue before this Court.[5]

4. Issue 7

The petitioner alleges that his sentence was unlawful because it relied on a Michigan conviction that he attempted to appeal, but was unconstitutionally barred from so doing because his transfer from federal to state custody deprived him of filing a timely appeal. Additionally, the petitioner alleges that his counsel was ineffective for not raising this issue on direct appeal.

---

[5]The remaining claims in Issue 5, including the petitioner's challenge to the presentence report, as well as his allegation concerning ineffectiveness of counsel, cannot be raised before this Court because the petitioner procedurally defaulted on them, as discussed below, and he cannot show cause and actual prejudice or actual innocence in order to go forward with his claims.

7

Again, because the petitioner was, indeed, represented by counsel during the proceedings regarding the Michigan conviction, he may not collaterally attack the sentencing judge's use of this prior conviction to enhance his sentence. Thus, the petitioner is procedurally barred from raising Issue 7 of his § 2255 petition.

5. <u>Issues 2(b), 3, 4, 5, and 6</u>

It is well-established law that issues that could have been raised on direct appeal, but were not, may not be later raised in a collateral attack such as a § 2255 motion. <u>Sunal v. Large</u>, 332 U.S. 174, 178-79 (1947); <u>Bousley v. United States</u>, 523 U.S. 614 (1998). As stated by the United States Court of Appeals for the Fourth Circuit:

> In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show <u>cause and actual prejudice</u> resulting from the errors of which he complains or he must demonstrate that a <u>miscarriage of justice</u> would result from the refusal of the court to entertain the collateral attack. The existence of cause for a procedural default must turn on <u>something external to the defense</u>, such as the novelty of the claim or a denial of effective assistance of counsel. And, in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show <u>actual innocence by clear and convincing evidence</u>.

<u>United States v. Mikalajunas</u>, 186 F.3d 490, 493 (4th Cir. 1999) (emphasis added) (internal citations omitted). The magistrate judge correctly noted that none of the issues presented by the petitioner in his § 2255 petition were raised on direct appeal. Thus, the petitioner must show cause and actual prejudice or actual innocence in order to go forward with his claims.

8

The petitioner has failed to make the necessary showing with respect to those claims alleged to be in procedural default. His § 2255 petition failed to present any legitimate cause for his failure to raise these claims on direct appeal. Consequently, he cannot argue that he has proven cause and actual prejudice.

Moreover, while the petitioner does argue in his objections to the magistrate judge's report and recommendation that his conviction was a miscarriage of justice, he has failed to meet the clear and convincing standard for proving actual innocence. "Typically, to establish actual innocence a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he is convicted." Mikalajunas, 186 F.3d at 494. The petitioner has made no showing, neither in his petition nor his objections to the report and recommendation, regarding his factual innocence. Thus, the petitioner cannot successfully argue miscarriage of justice. Accordingly, the petitioner procedurally defaulted on Issues 2(b), 3, 4, 5, and 6, and he cannot raise them on collateral review.

## V. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2255 petition is DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not be issued in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein.

DATED:    January 16, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE